IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSISSIPPI

RECEIVED & FILED

ALICIA R. BERRY                                                             PLAINTIFF

VS.                          FEB 28 2011           CAUSE NO. 2011-28

JEFFERSON COUNTY HOSPITAL   ARNELL HARRIED, Circuit Clerk        DEFENDANT

## COMPLAINT

### JURY TRIAL DEMANDED

Plaintiff, ALICIA R. BERRY, files this Complaint against her former employer Defendant, Jefferson County Hospital. As more specifically set forth below, Plaintiff has been subjected to intentional discrimination in the terms and conditions of her employment with Defendant on the basis of her disability and/or perceived disability. The actions of the Defendant described herein constitute violations of the Americans with Disabilities Act of 1990 (ADA or Americans with Disabilities Act), 42 U.S.C. § 12101, et seq. and Section 504 of the Rehabilitation Act of 1973, 87 Stat. 394, as amended, 29 U.S.C. § 794 (Rehabilitation Act).

### PARTIES

1. Plaintiff is an adult resident citizen of Jefferson County, Mississippi, who was employed with Jefferson County Hospital (hereinafter referred to as "JCH"), in Fayette, Jefferson County, Mississippi, on or about June 29, 2001, until March 26, 2010.

2. Defendant is Jefferson County Hospital, Plaintiff's former employer, which wrongfully discriminated against Plaintiff based on her disability or perceived disability. Defendant, Jefferson County Hospital, is owned and operated by Jefferson County, Mississippi and the Jefferson County, Mississippi Board of Trustees, and receives funds from the federal government, and can be served with process by serving (1) its Board Attorney, Everett Sanders at 126 S Commerce St # 103, Natchez, MS 39120-3317 (2) the President of the Jefferson County



Board of Trustees, Ray Perryman at 1483 Main Street, Fayette, MS 39069; and (3) the Mississippi Attorney General at 550 High Street, Suite 1200, Jackson, Mississippi 39201.

## JURISDICTION

3.  This action arises under the American Disabilities Act of 1990 (ADA or Americans with Disabilities Act), 42 U.S.C.§ 12101, et seq. and Section 504 of the Rehabilitation Act of 1973, 87 Stat. 394, as amended, 29 U.S.C. § 794 (Rehabilitation Act).

4.  This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court as all acts giving rise to this action occurred in Jefferson County, Mississippi.

## STATEMENT OF FACTS

5.  On or about June 29, 2001, Alicia R. Berry was hired by the Defendant as a Certified Nursing Aide ("C.N.A."). She continued her employment with Defendant as a Licensed Professional Nurse ("LPN") and her duties on June 23, 2009 included performing educational services for the Defendant in the communities surrounding Jefferson County Hospital.

6.  During Plaintiff's employment with the Defendant, and while on duty, she was involved in a motor vehicle accident on or about June 23, 2009. In said accident she sustained physical injuries to her upper extremities, including her right shoulder, right arm and her back which worsened into severe right shoulder and back pain and loss of the full use of her right hand, a disability which substantially affected one or more of Plaintiff's major life activities and/or which Defendant regarded as a disability. Due to her on-the-job injury on June 23, 2009, Plaintiff was placed on medical leave with Defendant until September 8, 2009.

7. On or about September 8, 2009, Plaintiff returned to work with Defendant as a LPN. However, several months later, on or about December 28, 2009, Plaintiff's injuries had worsened such that she sought additional medical treatment due to her continued right shoulder pain and swelling, loss of full use of her right hand, right leg and back pain which continued to substantially affect one or more of Plaintiff's major life activities. On December 28, 2009, Plaintiff was required to undergo physical therapy to help alleviate her pain, loss of full use of right hand, right leg pain and numbness, and back pain. Plaintiff reported to Defendant her disabling condition, impairments and limitations and requested a reasonable accommodation of being allowed to undergo physical therapy in her effort to diminish her pain and loss of full use of her right arm and hand while performing her duties as LPN. Defendant unreasonably denied Plaintiff's request for a reasonable accommodation and instead placed Plaintiff on unpaid leave. In its denial of Plaintiff's request for a reasonable accommodation, Defendant alleged it had a policy against employees working as LPN's while receiving physical therapy, though no policy is contained within the Defendant's Employment Handbook, and other employees have been allowed to undergo physical therapy while employed with Defendant. Plaintiff's supervisor stated that she, as the Director of Nursing, could not allow Plaintiff to work for Defendant while Plaintiff received physical therapy. Such actions demonstrate that Defendant at least regarded Plaintiff as disabled under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Defendant's denial of Plaintiff's reasonable accommodation of allowing Plaintiff to undergo physical therapy was in violation of the American with Disabilities Act. Allowing Plaintiff to undergo physical therapy would not have placed an undue hardship on Defendant.

8. After December 28, 2009, following her supervisor's instructions, Plaintiff did not

report for work with Defendant. During her required leave beginning December 28, 2009, Defendant denied Plaintiff her employment benefits of paid medical insurance and required that she individually pay her health insurance for the months of January 2010 and February 2010. Further, Defendant required Plaintiff to exhaust her accrued medical and personal leave time. Such action was discriminatory and an adverse employment action to Plaintiff due to Plaintiff's disability or Defendant's regard of Plaintiff's disability, all in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

9. In February 2010, Plaintiff taught several courses for Jefferson County Vo-Tech in Jefferson and Claiborne counties as a Certified Nursing Aide Instructor, a part-time position she previously held off and on for three years while employed with Defendant, and a position which required minimal physical activity compared to her duties as an LPN with Defendant.

10. On or about March 26, 2010, Plaintiff completed the prescribed physical therapy for her pain and loss of use of her right hand, and pursuant to her supervisor's instructions, requested to return to work with Defendant as an LPN.

11. However, on March 26, 2010, instead of allowing Defendant to return to work, Defendant terminated Plaintiff, citing its reason for termination as Plaintiff receiving income from her part-time position as a Certified Nursing Assistant Instructor with Jefferson County Vo-Tech while she was on leave with Defendant. Such proffered reason for Plaintiff's termination was not legitimate and non-discriminatory, but instead a pretext for discriminating against Plaintiff on the basis of her disability or what Defendant regarded as Plaintiff's disability. Defendant's action of termination of Plaintiff was discriminatory and in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

12. On June 11, 2010, Plaintiff filed her complaint of discrimination under the

Americans with Disabilities Act. Plaintiff's complaint was processed by the EEOC office in Jackson, Mississippi, which issued a "right to sue" letter on November 30, 2010. A copy of this Right to Sue Letter is attached as Exhibit "A".

## CAUSE OF ACTION

### COUNT ONE – DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

13. Plaintiff incorporates paragraphs 1 through 12 as though specifically set forth herein and alleges that:

14. On or about June 23, 2009, Plaintiff was employed with Defendant as an LPN and community educator. Plaintiff was qualified to perform duties for Defendant as an LPN. While traveling to perform her community education duties and in the course and scope of her employment, Plaintiff was injured in a motor vehicle accident. Plaintiff suffered injuries to her upper extremities including her right shoulder, arm, hand, and back. Defendant was aware of Plaintiff's injuries and placed Plaintiff on medical leave until on or about September 8, 2009, when Plaintiff returned to her duties as an LPN. Plaintiff's injuries from said accident worsened such that she suffered pain in her right shoulder, loss of use of her right hand, back pain and right leg pain, all of which were an impairment that substantially affected one or more of her major life activities. In December 2009, Plaintiff was still qualified to perform her duties as an LPN and reported to Defendant her limitations and need for physical therapy. Plaintiff requested a reasonable accommodation of being allowed to undergo physical therapy while maintaining her position and performing her duties as an LPN. Defendant unreasonably denied Plaintiff's request for a reasonable accommodation and instead placed Plaintiff on unpaid leave. Further, Defendant required Plaintiff to exhaust her accrued personal and medical leave until Plaintiff completed all

physical therapy and denied Plaintiff her employee benefit of paid medical insurance during her required leave. Defendant unreasonably failed to make any other reasonable accommodation for Plaintiff's disability, perceived disability and record of disability, in violation of the Americans with Disabilities Act, Title 42 U.S.C. .§ 12101, et seq.

15. Defendant failed to make a reasonable accommodation to Plaintiff's known limitations resulting from her disability, perceived disability, and/or record of disability after Plaintiff notified Defendant of her limitations from her disability and impairment and requested a reasonable accommodation. Such denial is in violation of the Americans with Disabilities Act.

16. Defendant could not and cannot demonstrate that allowing Plaintiff's requested accommodation of undergoing physical therapy would impose an undue burden or hardship on Defendant. Therefore, Defendant's denial of Plaintiff's request for a reasonable accommodation is in violation of the Americans with Disabilities Act.

17. Defendant subjected Plaintiff to the adverse employment actions of

   (a) requiring Plaintiff to take unpaid leave;

   (b) requiring Plaintiff to exhaust her accrued medical and personal leave time;

   (c) denial of her employment benefit of paid medical insurance during leave;

   (d) termination;

18. Defendant replaced Plaintiff with non-disabled persons and treated other non-disabled persons more favorably than Plaintiff.

19. Defendant's cited reasons for requiring Plaintiff to take unpaid leave, was not legitimate or non-discriminatory, but instead was a pre-text for discriminating against Plaintiff on the basis of her disability, history of a disability or her perceived disability, all in violation of the Americans with Disabilities Act.

20. Defendant has engaged in intentional discrimination and has done so with malice or reckless indifference to the federally protected rights of Plaintiff and therefore, Plaintiff is entitled to punitive damages.

21. As a direct and proximate result of the acts and omissions of Defendant described above, Plaintiff has suffered lost wages and benefits and other pecuniary loss as well as deep pain, humiliation, anxiety and emotional distress.

## COUNT TWO – DISCRIMINATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

22. Plaintiff incorporates paragraphs 1-21 as if specifically set forth herein and alleges that:

23. Defendant is subject to the provisions of Section 504 of the Rehabilitation Act by virtue of its receipt of federal funds, including, but not limited to, funding from federal Medicare and Medicaid programs.

24. Plaintiff is considered a "handicapped individual" pursuant to Section 504 of the Rehabilitation Act, due to her physical impairment which limits one or more of her major life activities, has a record of such impairment, and/or is regarded by Defendant of having such impairment.

25. Plaintiff is otherwise qualified to perform her duties as an LPN.

26. Solely by reason of Plaintiff's handicap, Defendant intentionally denied Plaintiff certain benefits of employment, and intentionally subjected Plaintiff to discrimination on the basis of her impairment, record of impairment, and/or Defendant's regard of Plaintiff's impairment, all in violation of Section 504 of the Rehabilitation Act.

27. Defendant denied Plaintiff certain benefits of employment by:

    (a) requiring Plaintiff to take unpaid leave;

    (b) requiring Plaintiff to exhaust her accrued medical and personal leave time;

    (c) denial of her employment benefit of paid medical insurance during leave;

    (d) termination;

28.    As a direct and proximate result of the acts and omissions of Defendant described above, Plaintiff has suffered lost wages and benefits and other pecuniary loss as well as deep pain, humiliation, anxiety and emotional distress.

## DAMAGES

29.    Pursuant to the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, Plaintiff is entitled to recover injunctive relief, compensatory damages, punitive damages, back pay, interest on back pay, reinstatement with a reasonable accommodation, attorney's fees and costs and all other damages available under Title VI and VII of the Civil Rights Act of 1964.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS that the Court issue service in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays for reinstatement with a reasonable accommodation, or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct; compensatory damages and punitive damages against Defendant to be determined by the jury; all costs disbursements, prejudgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to the Americans with Disabilities Act and Section 504 of the

Rehabilitation Act and all other damages allowable under the law including Title VI and VII of the Civil Rights Act of 1964. Plaintiff requests such other relief as this Court deems appropriate.

DATED: February 23, 2011.

                          Respectfully submitted,

                          ALICIA R. BERRY

                          BY: _____
                              JAMI L. CREWS, MSB #101724
                              1120 Jackson Street, Suite B
                              Vicksburg, MS 39183
                              Tel: 601-636-1930
                              Fax: 601-636-1563

EEOC Form 161 (10/96)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Ms. Alicia Berry
62 Pineview Drive
Fayette, MS 39069

From: EEOC- Jackson Area Office
100 West Capitol Street
Jackson, MS 39269

[ ]   On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2010-47205 | Gloria Southward, Investigator | (601) 948-8418 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ . ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state) _____

- **NOTICE OF SUIT RIGHTS** -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Wilma J. Scott_   _11-30-10_
Wilma Scott, Area Director   (Date Mailed)

Enclosure(s)

cc:   Jefferson County Hospital
P. O. Box 577
Fayette, MS 39069

Exhibit "A"

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred more than <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit <u>before 7/1/98</u> -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request *within 6 months* of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 846-2010-47205 |
| | | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Alicia R. Berry | (601) 786-8004 | [redacted] |

Street Address: 62 Pineview Drive, Fayette, MS 39069

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| JEFFERSON COUNTY HOSPITAL | 15 - 100 | (601) 786-3401 |

Street Address: P. O. Box 577, 870 Main Street, Fayette, MS 39069

RECEIVED JUN -3 2010 EEOC/JAO

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 12-30-2009   Latest: 03-26-2010

[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I was hired by the above employer in 2001 and subsequently worked as a licensed practical nurse (LPN). I had an on-the-job injury in June 2009 that worsened into a disability. I was off work from June until around September 1, 2009. My condition continued to worsen and around December 30, 2009 the doctor stated that I had to have physical therapy. I informed the director of nursing (DON) of my needed accommodation and she told me "I can't allow you to work while you are undergoing physical therapy." This caused the loss of income so I started back teaching certified nursing assistant classes in February 2010. I was discharged effective March 26, 2010.

The termination letter stated that I was discharged because of my ability to work in another capacity.

I believe I was denied a reasonable accommodation and discharged because of my disability and/or regarded as being unable to work in violation of the Americans with Disabilities Act of 1990, as amended. I was ready and able to return to work with an accommodation and asked for leave only after my request was denied.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 6-1-10    Charging Party Signature: Alicia R B

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSISSIPPI

ALICIA R. BERRY                                          PLAINTIFF

VS.                                                       CAUSE NO.  2011-028

JEFFERSON COUNTY HOSPITAL                      DEFENDANT

## SUMMONS

THE STATE OF MISSISSIPPI
TO: JEFFERSON COUNTY HOSPITAL BOARD OF TRUSTEES
    President, Dudley Guice
    870 Main Street
    Fayette, MS

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Jami L. Crews, the attorney for the Plaintiff, whose address is 1120 Jackson Street, Suite B, Vicksburg, Mississippi, 39183.

YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN THIRTY DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 17th day of June 2011.

Arnell Harried, Cicuirt Clerk
JEFFERSON COUNTY, MISSISSIPPI

BY: Maxine White      D.C.

PROOF OF SERVICE - SUMMONS (Process Server)

_____Name of Person or Entity Served

I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

\_\_\_\_ PERSONAL SERVICE. I personally delivered copies to _____
_____ on the \_\_\_\_\_ day of _____, 200\_, where I found said person(s) in _____ County of the State of _____.

\_\_\_\_ PERSONAL SERVICE UPON A PARTY THROUGH DELIVERY TO ATTORNEY. Pursuant to M.R.C.P. Rule 5b, on the \_\_\_\_ day of _____, 200\_, I served a copy of the subpoena to the witness party's attorney, Honorable _____ by:
_____ handing it to the attorney;
_____ mailing it to the attorney's business address;
_____ transmitting it to the attorney by electronic means (attach transmission receipt);
_____ leaving it at the attorney's office with _____, who is a clerk or other person in charge thereof;
_____ after having found no one in charge at the attorney's office closed, leaving it at the office in a conspicuous place therein by placing it on _____;
_____ after having found the office closed, leaving it at the attorney's dwelling house located at _____ with _____, who is \_\_\_\_\_ years of age, of suitable discretion and a resident thereof;

At the time of service I was at least 18 years of age and not a party to this action.
Fee for service:  $_____

Process server must list below:  [*Please print or type*]
Name _____
Social Security No._____
Address _____
Telephone No. _____
State of _____
County of _____

Personally appeared before me, the undersigned authority in and for the state and county aforesaid, the within named _____ who, being first duly sworn by me, states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server
Sworn to and subscribed before me this the \_\_\_\_\_ day of _____, 200\_.

_____
Notary Public
My Commission Expires:_____